UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL No. 11-10199 (DPW) |
| v. | |
| RAZVAN PASCU et. al., | |
| Defendant | |

## MOTION FOR COMPUTATION OF TIME UNDER THE SPEEDY TRIAL ACT

The United States of America, by and through Assistant United States Attorney Amy Harman Burkart, respectfully moves this Court to begin calculation of time for Mr. Pascu's trial to commence under the Speedy Trial Act 18 U.S.C. § 3161(c)(1) from the date of his arraignment on June 7, 2011. Alternatively, in the event that this Court believes the calculation of time under the Speedy Trial Act should commence from the date of the filing of the indictment on May 25, 2011, the United States of America moves to exclude the period from May 25, 2011 through and including June 6, 2011, pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv), on the ground that the ends of justice served by excluding this period outweigh the best interests of the public and the defendant in a speedy trial.

1. Mr. Pascu was arrested on May 2, 2011 on a criminal complaint charging Access Device Fraud (18 U.S.C. § § 1029(a)(4), (b)(1) and 2) and Bank Fraud (18 U.S.C. § 1344 and 2). The charges resulted from an incident that occurred on April 30, 2011 at an Eastern Bank in Cambridge, Massachusetts. Mr. Pascu appeared before U.S. Magistrate Judge Leo T. Sorokin for an initial appearance on the complaint on May 2, 2011. On May 25, 2011, Mr. Pascu was indicted, along with Mr. Ionut Alexandru Moiceanu, for Conspiracy to Commit Access Device Fraud and

Bank Fraud (18 U.S.C. § 371) and Bank Fraud (18 U.S.C. §§ 1344 and 2).  The Conspiracy count included five separate alleged skimming incidents in Massachusetts and Connecticut, including the April 30, 2011 Cambridge incident.  The Bank Fraud charge was based on the Cambridge incident.  Mr. Pascu appeared for an arraignment on the indictment on June 7, 2011 and entered a plea of not guilty on all counts.  Mr. Moiceanu, who has not yet been arrested on the outstanding warrant, did not appear at the arraignment.

   2. The Speedy Trial Act provides: "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offence shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  Here, if Mr. Pascu's appearance on the complaint on May 2, 2011 is considered an appearance "before a judicial officer of the court on which such charge is pending," then the filing of the indictment on May 25, 2011 is the later date, and the Speedy Trial clock begins on May 25, 2011.  However, if the arraignment on the indictment is considered the first appearance before a judicial officer on the relevant charges, then the arraignment is the later date, and the Speedy Trial Clock begins on June 7, 2011.

   3. The case law provides little guidance in determining when the Speedy Trial clock commences in these circumstances, and reveals that the courts rely on inconsistent logic in interpreting section 3161(c)(1).  The Third Circuit has reasoned that a pre-indictment initial appearance on a complaint can qualify as an appearance before a judicial officer of the court on which such charge is pending, since, if it could not, the date of an indictment could never be the date that "last occurs," which "would make the choice of dates provided in section 3161(c)(1)

superfluous." *U.S. v. Carrasquillo,* 667 F.2d 382, 384 (3d Cir. 1981). The reasoning of *Carrasquillo* has been followed in at least one District Court decision in the First Circuit. *See U.S. v. Castillo-Pacheco*, 53 F. Supp. 2d 55, 57 (D. Mass. 1999). However, the Third Circuit has also held that a *post*-indictment appearance must be an actual arraignment to count as a triggering date for section 3161(c)(1), because the section is, "by its terms, applicable only in a 'case in which a plea of not guilty is entered' and until the arraignment there could not have been a plea" and "until the plea is entered the parties cannot know whether section 3161(c)(1) can be implicated" and whether there should be a trial. *U.S. v. Willaman*, 437 F.3d 354, 358 (3rd Cir. 2006). The *Willaman* court explicitly recognized the tension between this reasoning and the holding of *Carrasquillo* and characterized it as "unavoidable." *Id.* at n.5. But outside the Third Circuit, the logic underlying *Willaman* has been applied by a District Court to affirmatively reject *Carrsquillo,* on the basis that even when there was an earlier appearance on a complaint, the triggering date under section 3161(c) should be the date the defendant was arraigned on the indictment, because until the not guilty plea is entered on the indictment it would be a waste of judicial and prosecutorial resources to move forward with planing for a trial on that indictment. *Williams v. U.S.*, 123 F. Supp. 2d 100, 105-106 (E.D.N.Y. 2000), *citing United States v. Nixon*, 779 F.2d 126 (2d Cir. 1985).

    4.    The case law thus fails to provide either a clear blanket rule or consistent logic to apply in the instant matter. Moreover, even the cases discussed above do not analyze the question of when the initial complaint and the indictment are sufficiently similar so that an appearance on the complaint could logically be considered an appearance on "such charges" for purposes of section 3161(c)(1). This analysis is particularly important here, where there are important differences between the complaint and the indictment that could affect whether the charges under the former should be considered "such charges" under the latter in applying section 3161(c)(1). Given the lack

of general guidance, this Court thus must look to the specific facts of this case to determine the appropriate triggering event.

5.  Here, as outlined in paragraph 2, not only did the scope of the indictment expand significantly beyond the conduct charged in the complaint but also – critically – the indictment added charges against a codefendant. The addition of a codefendant is considered significant for purposes of Speedy Trial act computations. For instance, a reasonable period of delay to join a codefendant is excluded under § 3161(h)(6), and in a multi-defendant indictment, the speedy trial clock does not begin to run for any defendant until the last charged defendant's initial appearance. *United States v. Casas,* 425 F.3d 23, 31 (1st Cir. 2005). Thus, for purposes of a Speedy Trial act computation, the the complaint charging Mr. Pascu alone should be considered significantly distinct from the indictment charging Mr. Pascu and Mr. Moiceanu. It follows that Mr. Pascu's appearance on the complaint should not be considered an appearance before the court "in which such charge is pending," where "such charge" is referring by definition to the charges in the indictment. Even assuming, *arguendo*, that there are situations where a pre-indictment appearance would act as a triggering event under section 3161(c)(1), here the addition of a codefendant in the indictment means that Mr. Pascu's initial appearance on the indictment, the arraignment on June 7, 2011, should be considered the last occurring triggering event for purposes of section 3161(c)(1).

6.  Alternatively, in the event that this Court determines that the last triggering event for purposes of section 3161(c)(1) should be the filing of the indictment on May 25, 2011, the United States of America moves for exclusion of the time period from May 25, 2011 through and including June 6, 2011. As the indictment encompassed a much broader series of allegations – expanding from one incident to five incidents, spanning two states, and adding a codefendant – the defendant was faced with a significantly different charging instrument on May 25, 2011. The defendant and

his counsel needed time to review, investigate, and evaluate the indictment, and the defendant had the opportunity to consider his plea and discuss it with his counsel.  As a result, the government submits that this period constitutes "the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," and that the ends of justice served by granting the requested continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(iv).

7. Matthew H. Feinberg, counsel for defendant, has been provided with a draft of this motion and has indicated that he does not consent, and takes the position "that May 25, 2011 is the operative date."

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By: */s/ Amy Harman Burkart*
AMY HARMAN BURKART
Assistant United States Attorney

## CERTIFICATE OF SERVICE

  I certify that this document was filed on the date listed below through the ECF system, which will provide electronic notice to counsel as identified on the Notice of Electronic Filing.

                */s/ Amy Harman Burkart*
                AMY HARMAN BURKART
                Assistant United States Attorney

Dated: July 29, 2011