

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts  02210*

December 2, 2011

The Honorable Douglas P. Woodlock
One Courthouse Way
Boston, MA 02210

  Re: *United States v. Razvan Pascu*, No. 11-CR-10199-DPW

Dear Judge Woodlock:

  The following cases support the Government's argument that Defendant was not under a *de facto* arrest following the pat-down frisk and *Miranda* warnings:

- *United States v. Edwards*, 53 F.3d 616, 619 (3d Cir. 1995) ("While Edwards emphasizes the fact that he was not 'free to leave' the scene, this does not mark the point where a *Terry* stop escalates into an arrest, since in neither a stop nor an arrest is a suspect free to leave."), *disagreed with on other grounds*, *United States v. Scott*, 270 F.3d 30, 42 (1st Cir. 2001);

- *United States v. Blackman,* 66 F.3d 1572, 1576 (11th Cir. 1995) ("Defendants claim their detention from their point of view was unreasonably intrusive because, under the circumstances, a reasonable person would not believe he was free to leave. But, *an investigatory stop is not an arrest despite the fact that a reasonable person would not believe he was free to leave.*");

- *United States v. Lewis*, 556 F.2d 446, 449 (6th Cir. 1977) (per curiam) ("Moreover, we reject appellant's suggestion that the very giving of *Miranda* rights helped produce a custodial interrogation. The precaution of giving *Miranda* rights in what is thought could be a noncustodial interview should not be deterred by interpreting the giving of such rights as a restraint on the suspect, converting a non-custodial interview into a custodial interrogation for *Miranda* purposes."); *accord State v. Wallace,* 94 P.3d 1275, 1285 (Haw. 2004) ("Numerous courts have held, and we hereby agree, that the precaution of giving *Miranda* warnings in a noncustodial setting does not transform that setting into a custodial interrogation

for *Miranda* purposes.");

- *United States v. Acosta*, 363 F.3d 1141, 1147 (11th Cir. 2004) (holding that officers did not turn investigative stop into a *de facto* arrest by retaining defendant's keys and license and blocking his car from moving, in part because defendant did not ask them to return his keys or license or to move their cars: "Even if that happened, there is nothing to indicate Acosta asked the officers to move their cars, or to return his keys and license. Besides, the very nature of a *Terry* stop includes stopping a suspect from leaving.").

        Very truly yours,

        CARMEN M. ORTIZ
        United States Attorney

By:   */s/ Scott L. Garland*
       Scott L. Garland
       Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    I hereby certify that this document will be filed through the ECF system and therefore will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

       */s/ Scott L. Garland*
       Scott L. Garland
       Assistant United States Attorney

Date: December 2, 2011